Per Curiam.

The complaint is in three causes of action. The first, against defendant Para-Ti Corp., alleges a contract whereby plaintiff was appointed advertising agent for Para-Ti on a commission of 15% of the gross cost of advertising placed, an assignment of the contract by plaintiff to defendants Bisen and Moselle in consideration of their agreeing to share the commissions with plaintiff, and a refusal by Para-Ti to permit Bisen and Moselle to place the advertising contemplated, resulting in loss of commissions to plaintiff. The second cause of action, against defendants Bisen and Moselle, alleges that defendants Bisen and Moselle placed a certain amount of advertising for Para-Ti and collected various sums of money in payment therefor, for which they have not accounted to plaintiff, and an accounting is demanded. The third cause of action, against all defendants, alleges that the defendants all conspired together to deprive plaintiff of the commissions to which he was entitled by reason of the placing of said advertising as aforesaid, and agreed among themselves to withhold from plaintiff the fact that said advertising had been placed and thereby sought to deprive plaintiff of commissions to which he was entitled, and agreed .to distribute among themselves a sum of money in lieu of the commissions which plaintiff was entitled to receive by reason of the placing of said advertising as aforesaid.
It is plain that plaintiff may recover on his first two causes of action for any breach of contract and require defendants Bisen and Moselle to account for all sums collected on account of advertising placed. The third cause of action merely asserts that money which is due and owing to plaintiff has been withheld by virtue of a conspiracy. Simply stated, the case is analogous to a cause of action for money had and received and an added cause of action for conspiracy not to pay the money owed. The cause of action is based upon plaintiff being entitled to certain commissions by reason of the placing of advertising. He is entitled to such commissions by virtue of the contract and by reason of the advertising placed, and not by reason of any conspiracy. It is not necessary to prove a conspiracy to recover, and proof of conspiracy would add nothing to his cause of action.
While the third cause of action may stand against defendant Para-Ti, which has not moved to dismiss, as a cause of action for inducing a breach of contract on the part of the other defendants, the cause of action as to the moving defendants is nothing more than an alleged conspiracy on their part to breach their own contract obligations. Such a conspiracy is not an independent cause of action or a cause of action at all (Friedman v. Roseth Corp., 270 App. Div. 988, affd. 297 N. Y. 495).
*891 The order insofar as it denies defendants-appellants’ motion to dismiss the third cause of action should be reversed, with $20 costs and disbursements to the appellants, and said motion granted. The order insofar as it grants plaintiff's motion for an examination before trial should be reversed, without costs, and said motion denied, without prejudice to a renewal of the motion with respect to the remaining causes of action.
Glennon, Dore, Cohn and Peck, JJ., concur.
Order insofar as it denies defendants-appellants’ motion to dismiss the third cause of action unanimously reversed, with $20 costs and disbursements to the defendants-appellants, and said motion granted. Order insofar as it grants plaintiff’s motion for an examination before trial unanimously reversed, without costs, and said motion denied, without prejudice to a renewal of the motion with respect to the remaining causes of action. Settle order on notice.